THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:08CR47 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANNTRINA COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Notice filed by the Government of a potential conflict of interest involving Defendant's counsel.  Based upon the evidence before the Court, there is insufficient evidence to order the disqualification of Defense counsel.  The Government's motion to disqualify, therefore, is DENIED.

**I.     Facts**

On January 30, 2008, Defendant was indicted on one count of making false statements material to the lawfulness of the sale of a firearm in violation of 18 U.S.C. 922(a)(6).  The indictment asserts that Defendant purchased a firearm on either October 22 or 23, 2006.  On April 11, 2008, the Government filed notice of a potential conflict of interest posed by the representation of Defendant by attorney Carolyn Kaye Ranke.  The matter came before this Court for a hearing on April 18, 2008.

**II.     Law and Analysis**

The Sixth Amendment recognizes a qualified right of a defendant to counsel of his or her choice.  *Wheat v. United States*, 486 U.S. 153, 158-59 (1988).  Consequently, a defendant enjoys a rebuttable presumption in favor of counsel of choice.  *Id.* at 164.  The

presumption may be overcome due to the fact that such a choice must be balanced with "the court's interest in the integrity of the proceedings and the public's interest in the proper administration of justice." *United States v. Mays*, 69 F.3d 116, 121 (6th Cir.1995).

> In situations where a potential conflict of interest may arise, the court's interest in the integrity of the proceedings may trump the defendant's choice. Whether the client waives his right to conflict-free representation is not dispositive, as district courts have the ability to prevent a conflict 'not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.'

*United States v. Swafford,* 512 F.3d 833, 839 (6th Cir. 2008)(quoting *Wheat*, 486 U.S. at 163).

In the instant matter, Defendant's counsel previously represented Ronald Gunter on numerous criminal matters. Gunter is alleged to have received the firearm that Defendant purchased that led to the instant charges. This Court, therefore, is confronted with a scenario in which a conflict of interest may arise based on successive representations. "Successive representation occurs where defense counsel has previously represented a co-defendant or trial witness." *Moss v. United States*, 323 F.3d 445, 459 (6th Cir.2003). "Simultaneous and successive representation differ materially because in the latter, the attorney is no longer beholden to the former client." *Gillard v. Mitchell*, 445 F.3d 883, 891 (6th Cir.2006). "Typically, in a successive representation case, the 'fear' is that an actual conflict will adversely affect trial counsel's performance because 'the lawyer will fail to cross-examine the former client rigorously for fear of revealing or misusing confidential information.'" *United States v. Cordell*, 193 Fed. Appx. 479, 482 (6th Cir. 2006)(quoting *Moss*, 323 F.3d at 460). The Eleventh Circuit has held that "in a

successive representation case, mere proof that a criminal defendant's counsel previously represented a witness is insufficient to establish" an actual conflict. *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir.1987). Instead, to establish an actual conflict of interest, the Government must show: (1) that the defendant's attorney's "earlier representation of the witness was substantially and particularly related to counsel's later representation of the defendant," or (2) that the defendant's attorney "actually learned particular, confidential information during the prior representation of the witness that was relevant to defendant's later case." *Id*.; *see also Enoch v. Gramley*, 70 F.3d 1490 (7th Cir.1995)(adopting the Eleventh Circuit approach to conflicts based on successive representation).

The question before this Court is not whether *any* potential conflict of interest exists, but whether there has been a "showing of a serious potential for conflict." *Wheat*, 486 U.S. at 164. Furthermore, while Defendant may waive a potential conflict, if "the conflict is so severe that no rational defendant would waive it, the court must disqualify the attorney." *United States v. Kliti*, 156 F.3d 150, 153 (2nd Cir.1998). In making the determination of the existence of a conflict, this Court is permitted to rely on counsel's representations. *Id.*

In the instant matter, it is undisputed that Ranke has represented Gunter in past proceedings. Ranke's last representation of Gunter ended on February 28, 2008 when Gunter was sentenced for having a weapon under disability. It appears that the weapon that served as the basis for Gunter's conviction was purchased by Defendant. The Government, therefore, posits that Ranke may have learned confidential information from Gunter relevant to Defendant's defense which she could not ethically divulge.

3

This Court notes that Gunter has not joined in the Government's motion to disqualify.

> In *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976), the Fifth Circuit stated, in the context of civil litigation, that '(a)s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.' The refusal to disqualify in the absence of a motion by the former client is all the more appropriate in the context of a criminal prosecution with its implication of constitutional rights.

*United States v. Cunningham*, 672 F.2d 1064, 1072 (2nd Cir. 1982)(footnote omitted.) "To the extent that, as in *Cunningham*, the client is sufficiently unconcerned about such questioning that he does not join in the motion to disqualify …, the interest of the government in disqualifying the attorney is normally quite weak."  *United States v. James*, 708 F.2d 40, 46 (2nd Cir. 1983).

In the instant matter, Gunter appeared before this Court during the hearing on this matter.  Through his appearance, Gunter did not join in the Government's motions.  Instead, on the record he affirmatively waived his attorney-client privilege with respect to his relationship with Ranke.  Consequently, the fear that Ranke may use confidential information in an improper manner has been wholly removed.  Furthermore, to the extent that a potential conflict of interest could present itself, Defendant waived, on-the-record, such a conflict.  Given these waivers, the Court cannot say that the potential conflict is so great that no rational defendant would waive it.

Defendant also asserted under oath that she had personally paid for her attorney's services.  The evidence introduced indicated that Defendant has a full-time job at this time and that Gunter has never been involved in paying Ranke's fees on Defendant's behalf.

Based upon the above, the Court finds insufficient evidence to deprive Defendant of her constitutional right to counsel of her choice.

### III. Conclusion

For the reasons set forth herein, the Government's motion to disqualify Defendant's counsel is DENIED.

So ordered.

<u>April 21, 2008</u>                          <u>/s/ Judge John R. Adams</u>
                                                      JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT COURT