THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:08CR47 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANNTRINA COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Exclude Other Acts Evidence filed by Defendant, Anntrina Collins, prompted by the filing of a notice of intent to use such evidence by Plaintiff, the United States of America.  Upon review of the relevant filings and applicable law, the Court orders that Defendant's Motion is GRANTED.

**I.     Facts**

On January 30, 2008, Defendant was indicted on one count of making false statements material to the lawfulness of the sale of a firearm in violation of 18 U.S.C. 922(a)(6).  The indictment asserts that Defendant purchased a firearm on either October 22 or 23, 2006.  That indictment has since been superseded, adding additional related counts.  On April 11, 2008, the Government filed notice of its intent to introduce other acts evidence.  This notice prompted Defendant to file a motion to exclude other acts evidence on April 14, 2008.  The matter now appears before this Court.

**II.    Law and Analysis**

Federal Rule of Evidence 404(b) states, in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It

> may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Furthermore, the admission of evidence under Rule 404(b) is also subject to the requirements of Rule 403 which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.

Interpreting the requirements of these rules, the Sixth Circuit has detailed a three-step process for the admission of Rule 404(b) evidence.

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the 'other acts' took place. The district court must then determine whether those 'other acts' are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the 'other acts' evidence is more prejudicial than probative.

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004).

With respect to the first step in this Court's analysis, the Government is not required to demonstrate that the other acts occurred by a preponderance of the evidence. *Huddleston v. United States*, 485 U.S. 681, 689 (1988). However, the Government must substantiate the existence of similar acts in some manner. "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id*.

In the instant matter, the Government has asserted as follows. Collins purchased a firearm on January 23, 2000. On February 13, 2000, Gunter was arrested and the firearm purchased by Collins was found in his possession. On March 24, 2001, Collins purchased another firearm. The location of that firearm is unknown. Defendant has not

2

challenged that these events occurred.  The Court, therefore, finds that the Government has produced sufficient evidence to substantiate that the similar acts occurred.

In the second step of the 404(b) analysis the Court must determine whether the proffered evidence is admissible for a purpose consistent with 404(b).  "To determine whether the proffered evidence is admissible for a proper purpose, [this Court] must decide 'whether that evidence is probative of a material issue other than character.'" *United States v. Carney*, 387 F.3d 436, 451 (6th Cir.2004) (quoting *Huddleston*, 485 U.S. at 686).  In this regard, the Sixth Circuit has developed a three-part test. "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered."  *United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007)(quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir.2003).

In its notice of intent to present this evidence, the Government proffered three purposes:  intent, motive, and lack of mistake.  This Court reviews each of these proposed purposes.

While the Government has posited absence of mistake as a purpose of introducing this evidence, "the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove."  *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996).  Consequently, for other acts evidence to be admissible under 404(b) to demonstrate the absence of mistake, the defendant must assert a defense based on some type of mistake.  *See United States v. Newsom*, 452 F.3d 593, 606 (6th

3

Cir. 2006).  In the instant matter, there is no indication that Defendant seeks to assert a defense based on mistake.  This purpose, therefore, cannot be used to introduce other acts evidence.

The Government has proposed introducing other acts evidence to demonstrate Defendant's motive.  Motive has been defined as "the reason that nudges the will and prods the mind to indulge the criminal intent." *United States v. Benton*, 637 F.2d 1052, 1056 (5th Cir. 1981)(citing *United States v. Beechum*, 582 F.2d 898, 912 (5th Cir. 1978)).  The fact that Defendant may have engaged in similar activity in the past does not provide any apparent reason for her to have committed the current crimes at issue.  As such, motive is not a proper purpose for introducing other acts evidence under the facts of this case.

Finally, the Government seeks to introduce other acts evidence to demonstrate Defendant's intent to commit the crimes at issue.  As noted in the language of the rule, intent is a proper purpose as detailed in Rule 404(b).  Moreover, Defendant's intent is at issue because the Government must prove that Defendant made false statements "intended or likely to deceive" to prove its case.  18 U.S.C. § 922(a)(6).

When this Court determines whether evidence of other acts is probative of intent, it must determine whether the evidence is "substantially similar and reasonably near in time" to the current issue of intent.  *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002)(quoting *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985)).  However, "[t]here is no absolute maximum number of years that may separate a prior act and the offense charged."  *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir.1985).

4

"[T]o be probative of a defendant's present intent … [the Defendant's] prior [acts] must be related in some way to the present crime for which the defendant is on trial." *United States v. Bell*, 516 F.3d 432, 444 (6th Cir. 2008).  In the instant matter, the other acts submitted by the Government occurred respectively, four and one-half and five and one-half years prior to the acts giving rise to this indictment.  The act which occurred in March of 2001 is unrelated to this matter.  There is no evidence that Defendant gave the firearm purchased that day to Gunter, nor is there evidence of when Defendant disposed of that firearm.  As Defendant's acts in 2001 are substantially unrelated to the present crime, the Government may not use them to demonstrate intent.

While further removed in time, Defendant's acts in January and February of 2000 are more closely related to the actions giving rise to the indictment.  During that time frame, Defendant purchased a firearm and twenty-one days later that firearm was found in the possession of Gunter.  The five-year gap between those actions and the facts underlying this case, however, weighs against the introduction of this evidence.

Assuming arguendo that the Government's evidence survives the second prong of the 404(b) analysis, the Court must balance the probative value of that evidence against its potential prejudice.  The Court must undertake this balancing act for the following reason:

> When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact.  That, of course, is why the prosecution uses such evidence whenever it can.  When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, a convicted criminal, and that if he 'did it before he probably did it again.'  That is why the trial court's duty is to apply Rule 404(b) correctly and,

5

>before admitting such evidence, to decide carefully whether it will be more substantially prejudicial than probative.

*United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994).

In the instant matter, Defendant's prior acts have little probative value. The last purchase of a firearm occurred more than four years prior to this indictment. The last time a firearm that Defendant purchased ended up in Gunter's possession was more than five years prior to this matter. Moreover, the fact that Defendant may have purchased a firearm in 2000 and given it to Gunter offers little support for a finding that Defendant repeated that action in 2005, other than to urge a jury to find that Defendant had a propensity to perform such an act. Of course, this inference is expressly forbidden by the rules of evidence. *See Bell*, 516 F.3d at 444.

Furthermore, the potential prejudicial impact of this evidence is quite high. The Government seeks to paint a picture of Defendant as a woman who routinely purchases firearms and then provides them to convicted felons. In the hands of a jury, this evidence provides a nearly insurmountable obstacle for the jury to reach a verdict solely on the facts supporting the *current charges*. This Court, therefore, finds that Defendant's motion to exclude other acts evidence is well taken.

### III. Conclusion

For the reasons set forth herein, Defendant's Motion to Exclude Other Acts Evidence is GRANTED.

So ordered.

April 21, 2008                             /s/ Judge John R. Adams
                                           JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT

6